Cite as: 604 U. S. ____ (2024)   1

# SUPREME COURT OF THE UNITED STATES

## JOHN Q. HAMM, COMMISSIONER, ALABAMA DEPARTMENT OF CORRECTIONS *v.* JOSEPH CLIFTON SMITH

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

No. 23–167.   Decided November 4, 2024

PER CURIAM.

Joseph Clifton Smith was sentenced to death for the murder of Durk Van Dam. The U. S. District Court for the Southern District of Alabama vacated Smith's death sentence after concluding that he is intellectually disabled. See *Atkins* v. *Virginia*, 536 U. S. 304 (2002). Smith has obtained five full-scale IQ scores, ranging from 72 to 78. Smith's claim of intellectual disability depended in part on whether his IQ is 70 or below. The District Court found that Smith's IQ could be as low as 69 given the standard error of measurement for his lowest score of 72. The District Court then vacated the death sentence, and the U. S. Court of Appeals for the Eleventh Circuit affirmed. *Smith* v. *Commissioner, Ala. Dept. of Corrections*, 67 F. 4th 1335, 1354 (2023).

Analyzing Smith's intellectual functioning requires evaluating his various IQ scores. In *Hall* v. *Florida*, 572 U. S. 701, 714 (2014), this Court stated that "when a person has taken multiple tests, each separate score must be assessed" considering the standard error of measurement. The Court further noted that "the analysis of multiple IQ scores jointly is a complicated endeavor." *Ibid.* This Court has not specified how courts should evaluate multiple IQ scores. See *ibid.*; *Moore* v. *Texas*, 581 U. S. 1 (2017); *Brumfield* v. *Cain*, 576 U. S. 305 (2015).

The Eleventh Circuit's opinion can be read in two ways. On the one hand, the Eleventh Circuit's opinion might be

read to afford conclusive weight to the fact that the lower end of the standard-error range for Smith's lowest IQ score is 69. That analysis would suggest a *per se* rule that the lower end of the standard-error range for an offender's lowest score is dispositive. On the other hand, the Eleventh Circuit also approvingly cited the District Court's determination that Smith's lowest score is not an outlier when considered together with his higher scores. That analysis would suggest a more holistic approach to multiple IQ scores that considers the relevant evidence, including as appropriate any relevant expert testimony.

The Eleventh Circuit's opinion is unclear on this point, and this Court's ultimate assessment of any petition for certiorari by the State may depend on the basis for the Eleventh Circuit's decision. Therefore, we grant the petition for certiorari and Smith's motion for leave to proceed *in forma pauperis*, vacate the judgment of the Eleventh Circuit, and remand the case for further consideration consistent with this opinion.

*It is so ordered.*

JUSTICE THOMAS and JUSTICE GORSUCH would grant the petition for a writ of certiorari and set the case for argument.