*PRELIMINARY PRINT*

VOLUME 604 U. S. PART 1

PAGES 1–3

# OFFICIAL REPORTS

OF

# THE SUPREME COURT

NOVEMBER 4, 2024

Page Proof Pending Publication

REBECCA A. WOMELDORF

REPORTER OF DECISIONS



NOTICE: This preliminary print is subject to formal revision before the bound volume is published.   Users are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, pio@supremecourt.gov, of any typographical or other formal errors.

# CASES ADJUDGED

IN THE

# SUPREME COURT OF THE UNITED STATES

AT

OCTOBER TERM, 2024

_____

## HAMM, COMMISSIONER, ALABAMA DEPARTMENT OF CORRECTIONS *v.* SMITH

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

No. 23–167.   Decided November 4, 2024

The District Court below vacated the death sentence of Joseph Clifton Smith after concluding that he is intellectually disabled.   Smith has obtained five full-scale IQ scores, ranging from 72 to 78, and his claim of intellectual disability depended in part on whether his IQ is 70 or below. The District Court found that Smith's IQ could be as low as 69 given the standard error of measurement for his lowest score of 72, and further determined that Smith's lowest score is not an outlier when considered together with his higher scores.   The Eleventh Circuit affirmed.

*Held*: The judgment of the Eleventh Circuit is vacated.   The Eleventh Circuit's opinion might be read to suggest a *per se* rule that the lower end of the standard-error range for an offender's lowest score is dispositive.   Alternatively, the Eleventh Circuit's opinion might be read to suggest a more holistic approach that considers the relevant evidence, including as appropriate any relevant expert testimony.   The case is remanded to the Eleventh Circuit to clarify the basis for its decision.

Certiorari granted; 67 F. 4th 1335, vacated and remanded.

Per Curiam.

Joseph Clifton Smith was sentenced to death for the murder of Durk Van Dam.   The U. S. District Court for the

1

Southern District of Alabama vacated Smith's death sentence after concluding that he is intellectually disabled. See *Atkins* v. *Virginia*, 536 U. S. 304 (2002). Smith has obtained five full-scale IQ scores, ranging from 72 to 78. Smith's claim of intellectual disability depended in part on whether his IQ is 70 or below. The District Court found that Smith's IQ could be as low as 69 given the standard error of measurement for his lowest score of 72. The District Court then vacated the death sentence, and the U. S. Court of Appeals for the Eleventh Circuit affirmed. *Smith* v. *Commissioner, Ala. Dept. of Corrections*, 67 F. 4th 1335, 1354 (2023).

Analyzing Smith's intellectual functioning requires evaluating his various IQ scores. In *Hall* v. *Florida*, 572 U. S. 701, 714 (2014), this Court stated that "when a person has taken multiple tests, each separate score must be assessed" considering the standard error of measurement. The Court further noted that "the analysis of multiple IQ scores jointly is a complicated endeavor." *Ibid.* This Court has not specified how courts should evaluate multiple IQ scores. See *ibid.*; *Moore* v. *Texas*, 581 U. S. 1 (2017); *Brumfield* v. *Cain*, 576 U. S. 305 (2015).

The Eleventh Circuit's opinion can be read in two ways. On the one hand, the Eleventh Circuit's opinion might be read to afford conclusive weight to the fact that the lower end of the standard-error range for Smith's lowest IQ score is 69. That analysis would suggest a *per se* rule that the lower end of the standard-error range for an offender's lowest score is dispositive. On the other hand, the Eleventh Circuit also approvingly cited the District Court's determination that Smith's lowest score is not an outlier when considered together with his higher scores. That analysis would suggest a more holistic approach to multiple IQ scores that considers the relevant evidence, including as appropriate any relevant expert testimony.

The Eleventh Circuit's opinion is unclear on this point, and this Court's ultimate assessment of any petition for certio-

Per Curiam

rari by the State may depend on the basis for the Eleventh Circuit's decision.   Therefore, we grant the petition for certiorari and Smith's motion for leave to proceed *in forma pauperis*, vacate the judgment of the Eleventh Circuit, and remand the case for further consideration consistent with this opinion.

*It is so ordered.*

JUSTICE THOMAS and JUSTICE GORSUCH would grant the petition for a writ of certiorari and set the case for argument.

Page Proof Pending Publication

REPORTER'S NOTE

The attached opinion has been revised to reflect the usual publication and citation style of the United States Reports. The revised pagination makes available the official United States Reports citation in advance of publication. The syllabus has been prepared by the Reporter of Decisions for the convenience of the reader and constitutes no part of the opinion of the Court. Other revisions may include adjustments to formatting, captions, citation form, and any errant punctuation. The following additional edits were made:

None